UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:23CV-P530-JHM

**FRED D. LANGFORD**                                                                              **PLAINTIFF**

**v.**

**ERIC HANER** *et al.*                                                                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Fred D. Langford filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. The complaint (DN 1) and amended complaint (DN 7) are before the Court for initial screening pursuant to 28 U.S.C. § 1915A.[1] For the reasons stated below, the Court will dismiss one of Plaintiff's claims and allow others to proceed.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is a pretrial detainee at the Louisville Metro Department of Corrections (LMDC). He sues Jefferson County Circuit Judge Eric Haner and the following LMDC medical providers employed by Wellpath: Jewell Lewis, a nurse practitioner; Jameel Ameer Ugdah, a doctor; and Teri Hayden, the head nurse. He sues each Defendant in his or her official capacity only.

Plaintiff alleges in the original complaint that he has received inadequate medical care in violation of the Eighth Amendment. He states that he has stage four cirrhosis of the liver and hepatitis B and C. He states that Wellpath, the medical provider at LMDC, "has clearly stated they cannot treat this serious medical condition as I have specified needs." He states that a non-Defendant nurse practitioner at the "Hep C Center[,]" which he identifies as an outpatient center, has "specified they will not treat me unless in the home incarceration program due to risk of re-

---

[1] By prior Memorandum and Order, the Court ordered Plaintiff to file an amended complaint and stated that it would conduct an initial review under § 1915A of both the original and amended complaint (DN 6).

infection in LMDC living conditions." He asserts that Wellpath does not want to pay for the cost of the treatment.

Plaintiff reports that Defendant Haner "denied home incarceration to receive proper, adequate medical treatment w/ all applicable releases as pre-trial detainee with no prior felony convictions and as a participant in the valor dorm as a veteran." He maintains that Defendant Haner "is delaying or denying medically necessary care."

Plaintiff also states in the amended complaint that Defendants Lewis and Ugdah are "not willing to provide adequate medical treatment. Certain medicines approved to treat Hep C but medical professionals such as [Defendants Lewis and Ugdah] refuse to give while incarcerated." He also alleges that Defendant Hayden discussed treatments with him "and is aware of condition but I cannot get approved medication nor will they treat me for stage 4 chirrosis/hep B & C while incarcerated at [LMDC]." Finally, Plaintiff states, "All medical professionals listed are in some way involved personally as is their profession and are aware of medical needs and or have screened and discussed everything in regard to me having worsening medical condition."

As relief, Plaintiff requests compensatory damages and injunctive relief in the form of release on home incarceration "to receive proper, adequate medical treatment."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

2

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. Defendant Haner

Defendant Judge Haner is a state official. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from a state official in his official capacity, he fails to state a cognizable claim against Defendant Haner under § 1983. Plaintiff's official-capacity claim against Defendant Haner also fails because a claim against a state official in his official capacity is deemed a claim against the Commonwealth of Kentucky and is, therefore, barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Plaintiff's claim for injunctive relief against Defendant Haner also must be dismissed. Section 1983 provides in pertinent part that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  It is clear that Defendant Haner was acting in his judicial capacity in denying Plaintiff's request for home incarceration. Plaintiff does not allege any facts suggesting that a declaratory decree was violated or that declaratory relief was unavailable.

For these reasons, Plaintiff's official-capacity claims against Defendant Haner will be dismissed for failure to state a claim upon which relief may be granted.

Even if Plaintiff had sued Defendant Haner in his individual capacity, the claim would still fail.  Judges are entitled to absolute immunity from suit for all actions taken in their judicial capacity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)).  Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)).  A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly. *Mireles*, 502 U.S. at 11.  Judicial immunity can be overcome in only two situations--for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump*, 435 U.S. at 356-57.  Because nothing in the complaint suggests that Defendant Haner was not acting in his judicial capacity or was acting in the complete absence of all jurisdiction in Plaintiff's state-court case, an individual-capacity claim against him would be dismissed.

4

### B. Medical Defendants

Plaintiff alleges violations of the Eighth Amendment.  The Eighth Amendment applies to a convicted inmate, not a pretrial detainee; the Fourteenth Amendment applies to claims brought by pretrial detainees.  *See Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022).  Because Plaintiff was a pretrial detainee at the time of the alleged events, the Eighth Amendment claims will be dismissed for failure to state a claim upon which relief may be granted.

Upon review, the Court will allow Plaintiff's Fourteenth Amendment claims to proceed against Defendants Lewis, Ugdah, and Hayden in their official capacities.[2]  The Court will also allow Plaintiff to file an amended complaint to sue these Defendants in their individual capacities. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act].").

### IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claim against Defendant Haner and his claims under the Eighth Amendment are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court is DIRECTED** to terminate Haner as a party to this action because no claims remain against him.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this

---

[2] "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. at 165 (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).  Suing employees in their official capacities is the equivalent of suing their employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008).  Therefore, Plaintiff's official-capacity claims against these Defendants are brought against their employer, Wellpath.

Memorandum Opinion and Order, **Plaintiff may file an amended complaint** suing Defendants Lewis, Ugdah, and Hayden in their individual capacities.  The Clerk of Court is **DIRECTED** to place this case number and word "Amended" on page 2 of Plaintiff's amended complaint (DN 7) and send it to Plaintiff for his use.

Plaintiff will enter a Service and Scheduling Order after Plaintiff files an amended complaint or after the 30-day period expires.

Date:   January 3, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.010